United States District Court
Southern District of Texas
**ENTERED**
November 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § § | CRIMINAL NO. 4:25-mj-00632 |
| FRANCISCO REBOLLOSO-VARGAS | § § | |

## MEMORANDUM & ORDER

Before the Court is the Government's Amended Motion to Reconsider Order Denying Government's Motion to Stay and Revocation of Release Order (ECF 14). On September 9, 2025, Francisco Rebolloso-Vargas entered the United States. On October 24, 2025, Mr. Rebolloso-Vargas was charged with illegal reentry under 8 U.S.C. § 1326(a). He was arrested on October 30, 2025, and had a detention hearing before Magistrate Judge Ho on November 3, 2025. Magistrate Judge Ho granted bond and ordered that Mr. Rebolloso-Vargas be released; this order was stayed pending this Court's *de novo* review. *See* Minute Entry of November 3, 2025. On November 10, 2025, this Court denied the Government's Motion to Revoke the Release Order. ECF 10. Also on November 10, the Government filed its Amended Motion for Reconsideration. ECF 14. On November 13, this Court held a hearing on the Motion and heard the arguments of parties. Mr. Rebolloso-Vargas remains in custody despite this Court's Order of November 10. Now, this Court **DENIES** the Government's Motion for Reconsideration and **ORDERS** that the Defendant be released under the Conditions of Release ordered by Magistrate Judge Ho.

Under 18 U.S.C. § 3142(e), a person charged with an offense may only be detained pretrial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Having conducted a *de novo*, "independent, from-scratch assessment of the evidence," this Court finds that Mr. Rebolloso-Vargas's strong community ties mitigate any potential risk of flight. *United States v. Cabello*, 2025 WL 2738463, at *1 (5th Cir. Sept. 23, 2025) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). Mr. Rebolloso-Vargas has been a part of the community for eighteen years. His wife, Elvia Lopez, is a United States citizen. The couple has been together for fourteen years and has lived together in their Houston apartment for two years. Ms. Lopez is willing and able to serve as the third-party custodian for Mr. Rebolloso-Vargas while released on bond. These strong family and community ties indicate that Mr. Rebolloso-Vargas is not a flight risk.

The Government argued that Mr. Rebolloso-Vargas's four reentries into the United States during the last ten years while under a removal order suggests "a lack of regard for judicial authority." ECF 14 at 8. However, the question before this Court is not whether Mr. Rebolloso-Vargas demonstrates regard for judicial authority, but instead whether there is a serious risk of flight. Mr. Rebolloso-Vargas's reentries demonstrate a desire to remain in the United States, not flee. This history comports with his strong community ties, which mitigate flight risk.

Further, the conditions of release are sufficient to ensure the safety of the community. Mr. Rebolloso-Vargas does not clearly pose a danger to the community. The Government cites two assaultive charges against a family member brought against Defendant this year. ECF 14 at 9. However, each of these charges was subsequently dropped at the request of the complaining

witness. Because neither charge resulted in a conviction, this Court finds that they do not constitute a basis for denying release on bond.

Finally, at the hearing of November 13, 2025, the Government argued that the standing removal order against Mr. Rebolloso-Vargas could result in U.S. Immigration and Customs Enforcement taking custody of Mr. Rebolloso-Vargas and initiating removal proceedings. The Government argued that this possibility creates further reason to detain Mr. Rebolloso-Vargas pretrial. The Government wishes to ensure that Mr. Rebolloso-Vargas is prosecuted for the instant reentry charge before he is deported. But the fact that the federal government may choose to deport Mr. Rebollos-Vargas before it prosecutes him for illegal reentry does not enter into this Court's analysis. The federal government's choice to deport Mr. Rebolloso-Vargas is not within Mr. Rebolloso-Vargas's control, nor is it within the scope of the question posed by 18 U.S.C. §§ 3142(a), (b), and (e).

For these reasons, this Court **DENIES** the Government's Motion for Reconsideration and **ORDERS** that Mr. Rebolloso-Vargas be released pretrial under the Conditions of Release detailed in ECF 18.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 18th day of November, 2025.

Keith P. Ellison
United States District Judge